WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
Attorneys for Triple Net Investments IX, LP
(REN-3034)

**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>DJK RESIDENTIAL LLC, <u>et al</u>.,<br><br>Debtors. | Honorable James M. Peck<br>Bankruptcy Case No. 08-10375<br><br>Chapter 11<br><br>(Jointly Administered) |

**DESIGNATION OF RECORD AND STATEMENT OF ISSUES FOR THE
APPEAL OF FINAL ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363(C),
364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1) AND 364(E) AND FED. R. BANKR. P.
2002, 4001 AND 9014 (I) AUTHORIZING DEBTORS TO OBTAIN POST-
PETITION FINANCING, (II) AUTHORIZING DEBTORS TO USE CASH
COLLATERAL, AND (III) GRANTING ADEQUATE PROTECTION TO
<u>PREPETITION SECURED PARTIES</u>**

On March 3, 2008, Appellant Triple Net Investments IX, L.P. ("Triple Net") filed a Notice of Appeal (the "Notice") from a final order entered by the Honorable James M. Peck, U.S.B.J., in the above-captioned Chapter 11 bankruptcy matter, on February 29, 2008, captioned "Final Order Under 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (i) Authorizing Debtors to Obtain Post-Petition Financing, (ii) Authorizing Debtors to Use Cash Collateral, and (iii) Granting Adequate Protection to Prepetition Secured Parties" (the **"Final DIP Order"**).[1]

---

[1] The Final DIP Order subsumes and includes "Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing

1119466.1

## **DESIGNATION OF RECORD ON APPEAL**

Pursuant to Fed. R. Bankr. P. 8006, Triple Net hereby designates the following items to be included in the record on appeal:

1. The Final DIP Order (entered February 29, 2008) **(Docket No. 188; Docket No. 52; and Docket No. 140)**.

2. Notice of Appeal of the Final DIP Order (filed on March 3, 2008) **(Docket No. 193)**.

3. Affidavit of Douglas V. Gathany, Senior Vice President and Treasurer of Debtor DJK Residential LLC, in Support of First Day Motions and Pursuant to Local Bankruptcy Rule 1007-2 (filed February 5, 2008) **(Docket No. 2)**.

4. Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Obtain Postpetition Secured Financing and Utilize Cash Collateral; (B) Granting Adequate Protection to Prepetition Secured Lenders; and (C) Scheduling Final Hearing (filed February 5, 2008) **(Docket No. 28)**.

5. Affidavit of Service of Alison M. Tearnen re: Agenda for February 5, 2008 Hearing (filed February 5, 2008) **(Docket No. 39)**.

6. Order Authorizing Payment of Prepetition Unimpaired Claims in the Ordinary Course of Business (entered February 5, 2008) **(Docket No. 47)**.

---

Debtors to Obtain Post-Petition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)" (the **"Interim DIP Order"**) (Docket No. 52); and "Order Amending the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) That was Entered by the Court on February 5, 2008 and Entered on the Docket as Item Number 52, (Such Order, the "Interim DIP Financing Order")" (the **"Amended Interim Order"**) (Docket No. 140).

7. Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (entered February 5, 2008) **(Docket No. 52)**.

8. Affidavit of Service of Alison M. Tearnen re: First Day Motions and Related Documents (filed February 11, 2008) **(Docket No. 81)**.

9. Transcript of Hearing Held on February 5, 2008 at 4:11 p.m., re: First Day Hearings (filed February 21, 2008) **(Docket No. 118)**.

10. Motion of The Official Committee of Unsecured Creditors of 360networks (USA) Inc., et al., and 360networks (USA) Inc. to Reconsider or Vacate Order Authorizing Payment of Certain Prepetition Unsecured Claims (filed February 15, 2008) **(Docket No. 97)**.

11. Memorandum of Law in Support of Motion of The Official Committee of Unsecured Creditors of 360networks (USA) Inc., et al., and 360networks (USA) Inc. to Reconsider or Vacate Order Authorizing Payment of Certain Prepetition Unsecured Claims (filed February 15, 2008) **(Docket No. 98)**.

12. Objection by Triple Net Investments IX, LP to, and Request for Reconsideration of Interim Relief Already Granted for, Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Obtain Post Petition Secured Financing and Utilize Cash Collateral; (B) Granting Adequate Protection to Pre Petition Secured Lenders; and (C) Scheduling Final Hearing (filed February 21, 2008) **(Docket No. 119)**.

13.     Statement of Joinder by Triple Net Investments IX, LP, in "Motion to Reconsider or Vacate Order Authorizing Payment of Certain Prepetition Unsecured Claims" Filed by The Official Committee of Unsecured Creditors of 360networks (USA) Inc., et al., and the Estates of 360networks (USA) Inc., et al. (filed February 21, 2008) **(Docket No. 122)**.

14.     Debtors' Emergency Motion to Amend the Interim Order (A) Authorizing Debtors to Obtain Postpetition Secured Financing and Utilize Cash Collateral; (B) Granting Adequate Protection to Prepetition Secured Lenders; and (C) Scheduling Final Hearing (filed February 22, 2008) **(Docket No. 131)**.

15.     Reply of The Official Committee of Unsecured Creditors of 360networks (USA) Inc., et al., and 360networks (USA) Inc. to Debtors' Objection to Motion to Reconsider or Vacate Order Authorizing Payment of Certain Prepetition Unsecured Claims (filed February 25, 2008) **(Docket No. 137)**.

16.     Order Amending the Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) That was Entered by the Court on February 5, 2008 and Entered on the Docket as Item Number 52 (Such Order, the "Interim DIP Financing Order") (entered February 25, 2008) **(Docket No. 140)**.

17.     Joinder of Official Committee of Unsecured Creditors in Motion of 360networks' Committee to Reconsider or Vacate Order Authorizing Payment of Certain Prepetition Unsecured Claims (filed February 26, 2008) **(Docket No. 163)**.

18. Objection of the Official Committee of Unsecured Creditors to Motion of the Debtors for Interim and Final Orders (A) Authorizing Debtors to Obtain Postpetition Secured Financing and Utilize Cash Collateral; (B) Granting Adequate Protection to Prepetition Secured Lenders; and (C) Scheduling Final Hearing (filed February 27, 2008) **(Docket No. 164)**.

19. Transcript of Hearing Held on February 25, 2008 at 10:01 a.m., re: Status Conference; Application of the Debtors for an Order Authorizing the Employment and Retention of Kirkland & Ellis, LLP as Attorneys for the Debtors and Debtors-In-Possession Nunc Pro Tunc to the Petition Date, etc. (filed on March 3, 2008) **(Docket No. 191)**.

20. Stipulation and Agreed Order Between the Debtors, The Official Committee of Unsecured Creditors, and the Official Committee of Unsecured Creditors of 360networks (USA) Inc. in connection with the Order Authorizing Payment of Unimpaired Claims in the Ordinary Course of Business (entered February 28, 2008) **(Docket No. 183)**.

21. Transcript of Bankruptcy Court Proceeding held on February 28, 2008 **(attached hereto as Exhibit "A")**.

## STATEMENT OF ISSUES ON APPEAL

Pursuant to Fed. R. Bankr. P. 8006, Triple Net hereby states the following issues are to be presented on appeal:

1. Did the Bankruptcy Court abuse its discretion by granting on the first day of these bankruptcies the Debtors' motion for entry of the Interim DIP Order when the Debtors failed to give Triple Net – or any other adversely affected creditor – any prior notice of the motion in violation of Bankruptcy Rule 2002 and General Order No. M-274, which requires "notice and an opportunity to be heard" concerning motions seeking emergency interim cash

collateral and financing relief to "… persons whose interests may be directly affected by the outcome of the motion or any provision of the proposed order"?

2. Did the Bankruptcy Court abuse its discretion by granting on the first day of these bankruptcies the Debtors' motion for entry of the Interim DIP Order, when the Debtors violated Triple Net's constitutional due process rights to a meaningful opportunity to be heard by failing to give Triple Net – or any other adversely affected creditor – any prior notice of the motion?

3. Did the Bankruptcy Court abuse its discretion by granting on the first day of these bankruptcies the Debtors' motion for entry of the Interim DIP Order, when the Interim DIP Order permitted the Debtors to immediately borrow $100 million from some of their Pre Petition Lenders and to use those estate funds to repay a $65 million unsecured loan to the Pre Petition Lenders, and not for critical and necessary operating expenses?

4. Did the Bankruptcy Court abuse its discretion by granting on the first day of these bankruptcies the Debtors' motion for entry of the Interim DIP Order, when the Interim DIP Order took unencumbered estate assets, which assets had not been pledged previously to the Pre Petition Lenders and had been owned by the only debtor (of the 61 that have filed for bankruptcy) with which Triple Net had contracted (North American Van Lines, Inc.), as collateral for its repayment?

5. Did the Bankruptcy Court abuse its discretion by entering the Interim DIP Order as a "First Day" order under General Order 203 (Amending General Order 201)?

6. Was it error for the Bankruptcy Court to have relied upon the representation of Debtors' counsel that "… they [general unsecured creditors, such as Triple Net] all received

1119466.1                                6

timely notice" and to thereafter make the following factual findings with regard to the Interim DIP Order:

    a)    That notice was "due and sufficient" and in "compli[ance] with Bankruptcy Rules 4001(b) and (c) and the local rules of the District";

    b)    that "the use of Prepetition Collateral (including Cash Collateral) is necessary to ensure that the Debtors have sufficient working capital and liquidity to preserve and maintain the going concern value of the Debtors' estates";

    c)    that "[t]he Debtors were unable to obtain financing on more favorable terms from sources other than the DIP Lenders pursuant to, and for the purposes set forth in, the DIP Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense"; and

    d)    that the Debtors, absent entry of the Interim DIP Order would be "immediately and irreparably harmed"?

                                  **WOLFF & SAMSON PC**
                                  Attorneys for Creditor/Appellant
                                  Triple Net Investments IX, L.P.

                        By:     /s/Robert E. Nies
                                  ROBERT E. NIES (REN-3034)

Dated: March 13, 2008